STATE *vs.* JOHN CHEMIESKY.

Knox.     Opinion September 6, 1924.

*A motion in arrest of judgment after verdict on the ground of duplicity comes too late.*

On exceptions. The respondent was tried before a jury upon a complaint for illegal possession of mash fit for distillation and a still for the purpose of manufacturing intoxicating liquors, and a verdict of guilty rendered. After the verdict had been returned, and before judgment, the respondent filed a motion in arrest of judgment alleging that the complaint was bad for duplicity in that it alleged two distinct offenses. The motion was overruled by the presiding Justice and exceptions entered by the respondent. Exceptions overruled. Judgment for the State.

The case is stated in the opinion.

*Z. M. Dwinal, County Attorney,* for the State.

*O. H. Emery,* for respondent.

SITTING: CORNISH, C. J., PHILBROOK, DUNN, MORRILL, WILSON, DEASY, JJ.

WILSON, J.   A complaint under Sec. 17, Chap. 127, R. S., as amended by Chap. 62, Public Laws, 1921.   The indictment alleges that the respondent had in his possession two half barrels containing mash fit for distillation and one still for the purpose of manufacturing intoxicating liquors.   Respondent after conviction and before judgment filed a motion in arrest of judgment on the ground that the complaint was bad for duplicity in that it alleges two distinct offenses, viz.:   the having in possession mash fit for distillation, also a still for the purpose of manufacturing intoxicating liquors.   The case is before this court on respondent's exceptions to the court's ruling denying the motion.

The objection to the complaint on the ground of duplicity is not well taken.   In principle this complaint is governed by *State* v. *Burgess,* 40 Maine, 592 and *State* v. *Haskell,* 76 Maine, 399; but if the complaint was bad on the grounds urged, the motion of the respondent after verdict comes too late.   *State* v. *Derry,* 118 Maine, 431.

> *Exceptions overruled.*
> *Judgment for State.*